THE STATE *versus* BILLINGTON.

When by a statute, the jurisdiction of an offence is given to a justice of the peace or a police court or a municipal court, but is not declared to be exclusive, the District Court has concurrent jurisdiction of the same offence.

ON exceptions from the District Court, RICE, J.

INDICTMENT, under the Revised Statutes, ch. 162, sec. 13, for maliciously breaking the windows and window blinds of a dwellinghouse, whereby it was "greatly injured."

There was testimony that one Robinson owned the house and the land on which it stood. The defendant requested the Judge to instruct the jury, that the statute did not extend to mischiefs committed upon real estate. This was not done, and a verdict was returned that the defendant was guilty. He then moved in arrest of judgment, because, —

1. The indictment does not allege what amount of injury was done to the house ; —

2. It does not appear that the Court has jurisdiction, because neither the indictment or the verdict shows that the injury exceeded ten dollars.

The motion was overruled, and to that overruling and to the refusal to give the requested instruction, the defendant excepted.

*Lancaster & Baker,* for the defendant.

The value of property destroyed, or amount of injury ought to be set out in the indictment.

1. Because it is necessary in order to show *jurisdiction.* R. S. ch. 162, sec. 15 ; *Thayer* v. *Boyle,* 30 Maine, 479, 480.

2. In order to show the measure of *punishment.* R. S. ch. 162, sec. 15 ; *Britton* v. *Commonwealth,* 1 Cush. 302 ; *State* v. *Somerville,* 21 Maine, 22 ; R. S. ch. 156, sec. 15 ; *Hope* v. *Commonwealth,* 9 Metc. 136, 137 ; *State* v. *Gasner,* 8 Porter, 447, Alabama ; *State* v. *Peden,* 2 Black. 371, Indiana.

The District Court had no *original* jurisdiction of this case, and the Judge ought so to have decided. R. S. ch. 162, sec. 15, and ch. 166, sec. 2, 3.

There are 14 chapters in R. S. on crimes and offences ; —

in seven of them no jurisdiction whatever is given to justices of the peace. In none of the others is the word " *exclusive*" found, but " *concurrent*" is found, wherever the legislature intended it should be so, and it not being so expressed in this chapter, " *exclusive*" is to be inferred.

*Vose, County Attorney*, for the State.

WELLS, J. — The offence, charged in the indictment, of an injury to a dwellinghouse, is embraced in the thirteenth section of chapter 162, of the Revised Statutes.

It is contended, that the District Court has not jurisdiction of the offence, because the injury to the property is not alleged to exceed the sum of ten dollars. By chapter 166, in the second section, exclusive jurisdiction is given to the District Court of all offences, with the exception of those over which the Supreme Judicial Court has exclusive jurisdiction, and " of those of which justices of the peace, police and municipal courts have by law original jurisdiction, exclusive or concurrent with the District Court."

The inference to be drawn from the statute is, that when jurisdiction is conferred upon justices of the peace, or police or municipal courts in relation to offences, but not exclusive, the District Court has also a concurrent jurisdiction with them over the same cases. The fifteenth section of chapter 162, gives jurisdiction to a justice of the peace, but it is not declared to be exclusive, and must be considered as concurrent.

It is not therefore necessary to state in the indictment the amount of injury to the property to entitle the District Court to jurisdiction. And the indictment is good without such statement. It describes an offence within the statute, and the punishment must be such as the law prescribes.

*The exceptions are overruled.*